NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1547
_____

UNITED STATES OF AMERICA

v.

LARON CARTER,
                    Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-12-cr-00071-002)
District Judge:  Honorable Sue L. Robinson

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2014

BEFORE:  RENDELL, JORDAN, and NYGAARD, *Circuit Judges*

(Filed: November 19, 2014)

_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Laron Carter was found guilty by a jury of aiding and abetting a bank robbery by acting as the getaway driver. At trial, Carter asked the District Court to add a jury instruction on "accessory after the fact." The District Court denied Carter's requested instruction. The District Court charged the jury with the Third Circuit Model Jury Instruction for aiding and abetting, but modified the charge by instructing that the jury "must find that the [G]overnment proved beyond a reasonable doubt . . . that the defendant knowingly did some act, to wit, driving the car, for purpose of aiding [and abetting]." We review a challenge to a jury instruction for an abuse of discretion and finding none here, will affirm Carter's conviction.[1]

Carter argues on appeal that the jury should have received a specific instruction on unanimity because the Government promoted several different theories of criminal liability in an attempt to convict him of aiding and abetting the robbery. Carter relies on our decision in *United States v. Beros*, 833 F.3d 455 (3d Cir. 1987), to support his argument. In *Beros*, we determined that the general unanimity instruction was inadequate where a defendant had been charged in the indictment with numerous acts, each of which could constitute a violation of the relevant statute. *Id.* at 461. We were concerned in *Beros* that the jurors could have agreed that the defendant violated the statute, but predicated their conclusions on different acts. *Id.* We held, therefore, that the jurors should have been instructed that they must unanimously agree as to which specific act or acts supports the defendant's guilt. *Id.* at 461-62.

---

[1] Carter does not appeal his sentence.

Carter's reliance on *Beros,* however, is misplaced. First of all, a specific unanimity instruction (e.g., telling jurors that they need to be unanimous about the way in which an offense was committed) is necessary only when "the jury is likely to be confused as to whether it is required to be unanimous on an essential element." *United States v. Cusumano*, 943 F.2d 305, 312 (3d Cir. 1991). In the "routine case" a "general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability." *Id.* (quoting *Beros*, 833 F.2d at 460). Carter was charged solely with aiding and abetting a bank robbery. The indictment never alleged that he engaged in separate or overlapping offenses.[2] Therefore, we see no risk that jurors in Carter's case would have been confused by the District Court's instruction.

Further, even were we to assume a *Beros*-type instruction was required because the Government presented multiple charges and/or theories of criminal liability, the District Court's instructions cured any such problem. Pursuant to the modified instruction, *supra*, jurors had to unanimously agree that Carter acted as the getaway driver during the bank robbery. Clearly, any reasonable juror would have known that the sole basis for his or her verdict was whether Carter drove the getaway car and the District Court's instruction cleared away any possible confusion for jurors.

---

[2] Count One of the Indictment alleged that "On or about May 10, 2012, in the State and District of Delaware, TYRONE WILLIAMS and LARON CARTER, defendants herein, by intimidation, did take from the person and presence of various bank employees, a sum of money, belonging to and in the care, custody, control, management, and possession of the Wells Fargo Bank, N.A., 2011 Concord Pike, Wilmington, Delaware, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a) and Section 2."

3

In sum, and having considered all arguments raised by the Appellant, we find no merit to them and will affirm conviction.